Steven J. Nataupsky (CSB 155,913); snataupsky@kmob.com
Michael K. Friedland (CSB 157,217); mfriedland@kmob.com
Joseph S. Cianfrani (CSB 196,186); jcianfrani@kmob.com
John N. Kandara (CSB 220,727); john.kandara@kmob.com
Joshua Stowell (CSB 246,916); joshua.stowell@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
T:  (949) 760-0404; F:  (949) 760-9502

Attorneys for Plaintiff, BRAVO SPORTS

James R. Rosen (CSB 119438); jrosen@rosensaba.com
Adela Carrasco (CSB 139636); acarrasco@rosensaba.com
ROSEN SABA, LLP
468 North Camden Drive
Beverly Hills, CA  90210
T:  (310) 285-1727; F: (310) 285-1728

Attorneys for Defendant, SWIMWAYS CORPORATION

Robert F. Helfing (CSB 90,418); Robert.helfing@sdma.com
Heather L. McCloskey (CSB 193,239); heather.mccloskey@sdma.com
Caroline Y. Bussin (CSB 239,343); caroline.bussin@sdma.com
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
T:  (213) 426-6900; F: (213) 426-6921

Attorneys for Defendant, MACKIE & ASSOCIATES

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRAVO SPORTS, a California corporation, | ) Civil Action No. <br> ) 08cv7686 GHK (CWx) <br> ) |
| Plaintiff, | ) **STIPULATED PROTECTIVE** <br> ) **ORDER** |
| v. | ) <br> ) **NOTE CHANGES MADE BY** <br> ) **COURT** |
| SWIMWAYS CORPORATION, a Virginia corporation; and, MACKIE & ASSOCIATES, a California corporation, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) <br> ) |

Pursuant to Federal Rule of Civil Procedure 26(c) and in order to facilitate production and receipt of information during discovery in the above-referenced action, Plaintiff Bravo Sports ("Bravo") and Defendants Swimways Corporation ("Swimways") and Mackie & Associates ("Mackie"), hereby stipulate, subject to the approval of the Court, to entry of the following Order for the protection of certain trade secret and other confidential research, development or commercial information that may be produced or otherwise disclosed by a party or by non-parties during the course of this action:

**Protected Material**

1.    This Order shall be applicable to and govern without limitation, all information, documents, testimony and/or things, or portions thereof, subject to discovery in this action, which contain non-public, confidential information and/or trade secrets designated pursuant to the terms of this Order, as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Material").  Any party to this action or non-party producing materials or information in response to a subpoena or otherwise ("Designating Party") may designate for protection under this Order any Protected Material which is furnished, filed or served directly or indirectly, by or on behalf of that party in connection with this proceeding.

2.    Such Protected Material may be designated by any Designating Party in the following ways:

a.    "CONFIDENTIAL" if it contains confidential research, development, or commercial information that is not available to the general public; or

/ / /

/ / /

/ / /

-1-

1    b.    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
2  ONLY" only if, in the good faith belief of such party and its counsel, the
3  confidential information is so commercially sensitive or confidential that
4  disclosure to persons other than those authorized under Paragraph 9 would have
5  the effect of causing harm to the competitive commercial position of the
6  designating entity or a third party.   Such HIGHLY CONFIDENTIAL –
7  OUTSIDE COUNSEL ONLY material that relates to proprietary design features
8  not included in past or current product designs may be marked with the
9  additional designation "confidential – OUTSIDE COUNSEL ONLY -
10  competitive design information."  Upon the inclusion of such proprietary design
11  features in products sold or offered for sale to third parties not subject to a
12  confidentiality agreement regarding the product, material relating to such design
13  features shall no longer be considered Protected Material.

14    3.    As used herein, "Receiving Party" shall refer to any party or person
15  who receives Protected Material from a Designating Party.

16    4.    Protected Material shall not include any information that:

17    a.    is or becomes lawfully in the possession of the Receiving
18  Party through communications other than production or disclosure in this action;
19  or

20    b.    is or becomes part of the public domain by publication,
21  inclusion in products sold or offered for sale to third parties not subject to a
22  confidentiality agreement regarding the product, or otherwise, and not due to
23  any unauthorized act or omission on the part of the Receiving Party.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

-2-

**Marking**

5.     Documents and things (including, without limitation, optical, magnetic or electronic medium, such as floppy disks, DVDs, CD-ROMs, drives, memory media), other than depositions or other pre-trial testimony shall be designated for protection under this Order by conspicuously affixing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –OUTSIDE COUNSEL ONLY" on each page (or in the case of optical, magnetic, electronic medium, or similar mass storage media, on the medium itself) to which the designation applies, as well as to the first page or cover of such document or thing.  To the extent practical, the designation shall be placed near any control number that is also affixed to the document or thing.

a.     In the event the Designating Party elects to produce materials for inspection, no marking need be made by the Designating Party in advance of the initial inspection.  For purposes of the initial inspection, all materials produced shall be considered as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the Designating Party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Protected Material with the appropriate confidentiality marking.

b.     No party shall be responsible to another party for disclosure of Protected Material under this Order if the material in question is not labeled or otherwise identified as such in accordance with this Order.

/ / /

/ / /

/ / /

/ / /

6. Designation of specific portions of deposition transcripts as Protected Material under this Order may be made by a statement that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY on the record in the course of the deposition. Upon designation of the transcript on the record during the deposition, all persons to whom access to that category of Protected Material has been denied under the terms of this Order shall leave the deposition during the portion of the deposition during which such Protected Material is discussed. The deposition reporter or other person recording the proceedings shall indicate the confidentiality designations on the transcript but shall not segregate any portion of the transcript of the deposition or hearing which has been stated to contain Protected Material unless counsel for both parties agree to such segregation of the transcript or such segregation is required by the Court. A Designating Party may also designate any portion or all (if appropriate) of the transcript as Protected Material under this Order with reference to the pages and lines of testimony in the transcript, by so advising the deposition reporter (who shall indicate the designations in the transcript) and all parties in writing, within five (5) business days after receipt of the final transcript. Deposition exhibits shall be treated in accordance with any prior designation under this Order, or may be specifically designated under this Order on the record during the deposition or in writing within five (5) business days after the Designating Party has received the deposition exhibits accompanying the final transcript. A transcript, and any of its exhibits not designated under this Order prior to the deposition, shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, unless otherwise designated on the record, until five (5) business days after it has been received by the Designating Party. In the case of testimony or exhibits designated as Protected Material under this Order following conclusion of the deposition, all parties shall mark the appropriate legend on all copies of the

deposition transcript and its exhibits and treat the information in accordance with its designation from the date they are notified of such designation.  In the event of disagreement about the confidential status of a deposition transcript or exhibit, it shall be treated as HIGHLY CONFIDENTIAL –OUTSIDE COUNSEL ONLY until this Court rules otherwise.

7.     All designations of Protected Material under this Order shall be made in good faith by the Designating Party at the time of disclosure, production or tender to the Receiving Party, or at such other time as permitted by this Order.

8.     The inadvertent failure to designate Protected Material pursuant to this Order does not constitute a waiver of a claim to such designation, and a party may so designate material thereafter subject to the protections of this Order.

**Access to Protected Material**

9.     **"CONFIDENTIAL" Material.** Only the following individuals shall have access to materials designated "CONFIDENTIAL," absent the express written consent of the Designating Party or further order of the Court:

a.     Persons authorized to receive "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material as specified in Paragraph 10 below; and

b.     Up to two representatives of the Receiving Party who are assisting counsel in the prosecution or defense of this action and have complied with Paragraph 12.

/ / /

/ / /

/ / /

/ / /

/ / /

10. **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"**
**Material.** Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," absent the express written consent of the Designating Party or further order of the Court:

a. Outside counsel of record for the parties to this action who have individually entered appearances as counsel of record, including such attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting them in the litigation, subject to Paragraph 22 of this Order regarding CONFIDENTIAL – OUTSIDE COUNSEL ONLY - COMPETITIVE DESIGN INFORMATION.

b. Professional litigation support vendors retained by or for the parties for document copying, document coding or computerization services, preparing audiovisual aids (*e.g.*, exhibits, models, graphics and video, and demonstrative exhibits for use in the courtroom), other trial support and/or trial consulting services, including jury research consultants, jury selection consultants, analytical graphics consultants, trial presentation consultants and translators, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation, provided the vendor acknowledges its obligation to keep the information so provided confidential consistent with this order and use the information only as part of performing professional litigation support services requested in this action;

/ / /
/ / /
/ / /
/ / /

-6-

c.      The Court, its technical advisor(s) (if appointed), court personnel, the jury, court reporters, and/or videographers engaged in proceedings incident to this action;

d.      Expert witnesses and consultants retained by or for the Receiving Party or their counsel, who do not meet the definitions set forth in categories 10a-10c above, and their support staff and clerical employees assisting in the litigation; provided no timely objections have been made under Paragraph 11.

**Pre-Approval to Access Protected Material**

11.      Any independent expert witnesses and consultants identified pursuant to Paragraph 10.e shall be allowed access to Protected Material only after the Receiving Party has complied with the following procedure:

a.      Before receiving any Protected Material, the expert or consultant shall be provided a copy of this Order, shall read the Order, and shall acknowledge, by executing the Acknowledgement and Agreement To Be Bound by Protective Order in the form attached hereto as Exhibit A, that he or she has read the Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Order.

b.      Outside counsel for the Receiving Party shall provide a copy of the executed Acknowledgement and Agreement To Be Bound by Protective Order to the Designating Party, along with:

(i)      the curriculum vitae of the expert or consultant;

(ii)      an identification of the present employer and title of the expert or consultant;

(iii)      a list of all other cases in which during the previous three (3) years, the witness testified as an expert at trial or by deposition; and

(iv)   any non-confidential employment and/or consultations the expert or consultant has had in the preceding three (3) years.

c.   The Designating Party will have five (5) court days to object in writing to the disclosure of Protected Material to the particular expert or consultant.  In the absence of any objection at the end of the five (5) day period, the expert or consultant shall be deemed approved under this Order.  If objection to the disclosure is made within five (5) court days and the objection is not resolved, the objecting party shall, no later than five (5) court days after making the objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If an objection and petition to the Court is timely made, no Protected Material shall be made available to the particular expert or consultant until after the Court rules that disclosure can be made.

d.   Any information provided to the Receiving Party in accordance with this provision may be used in connection with examining, challenging or otherwise obtaining discovery from the expert witness or consultant who provided the information, but may not be used for any other purpose other than the enforcement of this Order.

12.   The party representative identified pursuant to Paragraph 9.b shall be allowed access to "CONFIDENTIAL" material only after the Receiving Party has complied with the following:

a.   Before receiving any Protected Material, the party representative shall be provided a copy of this Order, shall read the Order, and shall acknowledge, by executing the Acknowledgement and Agreement To Be Bound by Protective Order in the form attached hereto as Exhibit A, that he or she has read the Order, understands it, and agrees to be bound by it, and also

1   expressly consents to the jurisdiction of this Court in connection with any

2   proceeding or hearing relating to the enforcement of this Order.

3            b.      Outside counsel for the Receiving Party shall serve a copy of

4   the executed Acknowledgement and Agreement To Be Bound by Protective

5   Order on all counsel.

6   **Restrictions on Use of Protected Material**

7            13.     Protected Material, including any notes, memoranda, or other

8   similar documents summarizing or referring to the contents thereto, shall be

9   used by a Receiving Party solely for the purpose of this action and any appeals

10  therefrom, and shall not be disclosed or used for any other purpose whatsoever,

11  including without limitation any other legal proceeding, including any United

12  States or foreign legal proceeding involving any of the parties, patent

13  prosecution or acquisition, or any business or competitive purpose or function of

14  any kind.

15           14.     Protected Material shall not be distributed, disclosed, or made

16  available to anyone except as expressly provided in this Order.

17           15.     Any person in possession of Protected Material shall exercise

18  reasonable care with regard to the storage, custody, or use of such Protected

19  Material in order to ensure that the secrecy of the information is maintained in

20  accordance with its designation.

21           16.     If Protected Material is lost, stolen, and/or disclosed to anyone

22  other than in a manner authorized by this Order, the Receiving Party shall

23  immediately bring all pertinent facts relating to such loss, theft, or disclosure to

24  the attention of the Designating Party and make every reasonable effort to

25  retrieve such Protected Material and to prevent further disclosure.

26           17.     **Use of Protected Material In Depositions.** A deponent may be

27  shown during his or her deposition Protected Material if:

28  / / /

a.    the deponent is an author or recipient of such Protected Material,

b.    the deponent has been pre-approved under Paragraphs 11 or 12 above,

c.    the deponent is designated by a party or non-party pursuant to Federal Rule of Civil Procedure 30(b)(6) to provide testimony and the Protected Material:

(i)    is the Protected Material of the party or non-party designating the deponent, or

(ii)    appears on its face to have been accessible to the party or non-party designating the deponent;

d.    the Protected Material was produced in this litigation by the deponent's employer or an affiliate of the deponent's employer,

e.    the attorney taking the deposition and showing the witness the Protected Material represents the Designating Party;

f.    testimony or other circumstances indicate that the deponent previously had or was authorized to access such Protected Material or knows its contents;

g.    the Designating Party has consented on the record of the deposition to the showing of the Protected Material to the witness; or

h.    at least five (5) days before the deposition, the party wishing to show the witness the Protected Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Protected Material to be shown, and the Designating Party fails to provide, within five (5) days of receipt of the notice or two (2) court days prior to the deposition, whichever is earlier, written objection to this use of Protected Material. If a timely written objection is provided, the Protected Material listed in the written objection shall not be shown to the witness unless and until the objection is withdrawn or the

-10-

party wishing to show that Protected Material to the witness moves for and obtains appropriate relief from the Court. Witnesses being shown Protected Material under this subsection must sign the Acknowledgement and Agreement To Be Bound by Protective Order in the form attached hereto as Exhibit A before being shown the Protected Material.

18.   **Use of Protected Material In Filings**.   Documents containing Protected Material shall not be filed with the Court except as required by Court rules or as necessary in connection with motions or other matters requiring the Court's attention in this action.

a.   In the event that any party needs to submit documents containing Protected Material to the Court, the party submitting such documents shall:

(i)   file non-confidential versions of such documents with the Protected Material redacted therefrom,

(ii)   serve unredacted versions of such documents containing the Protected Material on the required party or parties via e-mail on the same day as the filing, and

(iii)   seek to have the portions of those documents containing Protected Material sealed by the Court pursuant to Local Rule **79-5.** 5̶.̶

b.   The failure of any party to comply with the requirements of Paragraph **18.a** 1̶9̶.̶a̶ for the submission to the Court of documents containing Protected Material shall not affect the status of that information as designated under this Order.  Upon learning of a violation of this Order by any other party, any party may make an application or motion for an order provisionally or permanently sealing, and removing from the public docket, any documents believed to contain Protected Material.

/ / /

-11-

**No Prejudice**

19.     Entering into, agreeing to, and/or producing or receiving Protected Material or otherwise complying with the terms of this Order shall not:

a.     operate as an admission by any party that any material designated as Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.     prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Material;

c.     prejudice in any way the rights of any party to object to the authenticity or admissibility in evidence of any information subject to this Order;

d.     prejudice in any way the rights of any party to seek a determination by the Court whether any Protected Material should be subject to the terms of this Order;

e.     prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Protected Material;

f.     prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Protected Material more broadly than would otherwise be permitted by the terms of this Order;

g.     prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Protected Material designated under this Order by that party; or

/ / /

h.       prevent or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, rely in a general way upon his or her examination of Protected Material produced or exchanged in this litigation; provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the contents of the Protected Material.

**Objections to Designations Under This Order**

20.       Neither stipulation by a party to the terms of this Order nor failure of a party, at the time it receives materials designated pursuant to this Order, to challenge or object to the designation shall be deemed a waiver of its right to challenge or object to the designations at any later time.  Any party may at any time challenge the designation of any Protected Material under this Order and may request permission to use or disclose such Protected Material other than as permitted, pursuant to this Paragraph by serving (which may be by e-mail) a written request upon counsel for the Designating Party at least five (5) court days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the e-mail request.  Such request shall specifically identify the Protected Material, including Bates label if applicable, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made.  The Designating Party shall thereafter respond to the request in writing within five (5) court days after receipt of same.  A failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure.  Disclosure shall be postponed until a ruling has been obtained from the Court.

/ / /

/ / /

**Inadvertent Production of Privileged Information**

21.     Inadvertent production of documents or things subject to work product immunity, the attorney-client privilege, or any other applicable privilege, shall not constitute a waiver of the immunity or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Designating Party discovers such inadvertent production.  After notification is made, the Receiving Party shall immediately destroy or return to the Designating Party all copies of such inadvertently produced documents, destroy any notes regarding those materials, and shall immediately confirm in writing that all such copies and notes have been destroyed or returned.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or immunity designation by promptly filing an appropriate motion with the Court. For purposes of such challenge, the Designating Party shall provide the inadvertently produced document or thing to the Court for an in camera inspection.  The Receiving Party shall not challenge the propriety of the privilege or immunity designation on the grounds that the privilege or immunity was waived by the inadvertent production of the document or thing.  If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or in any proceeding before the Court, nor shall they be shown to anyone who was not given access to them prior to the request to return such documents.

**Restriction on Patent Prosecution**

22.     Expert witnesses, consultants, and outside counsel of record for a party who have read, reviewed, scanned, or been provided with any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – COMPETITIVE DESIGN INFORMATION" materials or information of any other party shall not, for a period of one (1) year following final resolution of this action, have any

involvement in drafting or advising on the drafting of patent applications, specifications, drawings, abstracts, or patent claims in connection with patent prosecution, either U.S. or foreign, relating to collapsible chairs or improvements thereof.

**Survival of Order and Disposition of Protected Material**

23.     All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Protected Material shall, at the request of the Designating Party, be returned to the party or destroyed, at the option of the Designating Party, within sixty (60) calendar days after a final resolution of this matter including any appeals, settlement of this action with respect to the Designating Party or final termination of this action in any other manner, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, one copy of each document constituting or containing prior art, and documents constituting work product which were internally generated based upon, or which include, Protected Material.  In the event that outside counsel maintains such documents, it shall not disclose any Protected Material to any third party absent subpoena or court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

**Non-Parties**

24. Non-parties who produce information in this action may avail themselves of the provisions of this Order, and Protected Material produced by non-parties shall be treated by the parties in conformance with this Order.

**Interim Application**

25. Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been so ordered.

This Order may be changed by further Order of the Court.

**IT IS SO ORDERED.**

Dated: August 12, 2009__                    /S/_____
                                            Honorable Carla Woehrle
                                            UNITED STATES MAGISTRATE JUDGE


                                            Respectfully submitted,

                                            KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:_____           By:_____
                                            Steven J. Nataupsky
                                            Michael K. Friedland
                                            Joseph S. Cianfrani
                                            John N. Kandara
                                            Joshua Stowell
                                            Attorneys for Plaintiff, BRAVO SPORTS

                                            ROSEN SABA, LLP

Dated:_____           By:_____
                                            James R. Rosen
                                            Adela Carrasco
                                            Attorneys for Defendant, SWIMWAYS
                                            CORPORATION

                                            SEDGWICK, DETERT, MORAN & ARNOLD, LLP

Dated:_____          By:_____
                                            Robert F. Helfing
                                            Heather L. McCloskey
                                            Caroline Y. Bussin
                                            Attorneys for Defendant, MACKIE & ASSOCIATES

-16-

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BRAVO SPORTS, a California corporation, | Civil Action No. 08cv7686 GHK (CWx) |
| Plaintiff, | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| v. | |
| SWIMWAYS CORPORATION, a Virginia corporation; and, MACKIE & ASSOCIATES, a California corporation, | |
| Defendants. | |

I, _____ [print or type full name]

state:

    1.    I reside at _____

_____.

    2.    I have received a copy of the Stipulated Protective Order executed by counsel for the parties in the above-captioned action entitled *Bravo Sports v. Swimways Corporation et al.*, Civil Action No. 08cv7686 GHK (CWx), United States District Court, Central District of California.  I have carefully read and understand the provisions of the Stipulated Protective Order.

    3.    I am fully familiar with and agree to comply with and be bound by the provisions of said Stipulated Protective Order.  I understand that I am to

retain all copies of any designated Protected Material in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any designated Protected Material are to be returned to counsel who provided me with such material.  I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use, except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.

    4.    I agree to submit to the jurisdiction of the Court for purposes of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue.

    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on this \_\_\_\_\_ day of _____, 2009, at _____, _____.

    _____

-18-          **EXHIBIT A**

PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.  My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.  On August 12, 2009, all counsel of record who are registered ECF users are being served with a copy of the foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER** via the Court's CM/ECF system per Local Rule 5-3.3.

> Robert F. Helfing
> Robert.helfing@sdma.com
> Heather L. McCloskey
> Heather.mccloskey@sdma.com
> Caroline Y. Bussin
> Caroline.bussin@sdma.com
> SEDGWICK DETERT MORAN & ARNOLD, LLP
> 801 South Figueroa Street, 19th Floor
> Los Angeles, CA 90017-5556
> Telephone:  (213) 426-6900
> Facsimile:  (213) 426-6921

In addition, the following additional counsel of record non-registered ECF users will be served by email and First Class Mail on this same date as follows:

VIA E-MAIL AND
FIRST CLASS MAIL:  James R. Rosen
> jrosen@rosensaba.com
> Adela Carrasco
> acarrasco@rosenbsaba.com
> ROSEN SABA, LLP
> 468 North Camden Drive
> Beverly Hills, CA 90210
> Telephone:  (310) 285-1727
> Fascimile:  (310) 285-1728

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 12, 2009, at Irvine, California.

_____
Lisa Hyska

7543595_1
081009

-19-